IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DISTRICT AT CINCINNATI

**NELL HATFIELD,**

    **Plaintiff**

**v.**

**ELC BEAUTY, LLC d/b/a ESTEE LAUDER,**

    **Defendant.**

Case No.: 1:21-cv-00255

Judge:

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, ELC Beauty, LLC d/b/a Estee Lauder, ("ELC" or "Defendant") hereby removes the instant action from the Butler County Court of Common Pleas, Ohio to the United States District Court for the Southern District of Ohio.

Pursuant to 28 U.S.C. § 1446, Defendant hereby invokes the jurisdiction of this Court under 28 U.S.C. § 1332 and states the following grounds for removal:

## LITIGATION FACTS

1. On or about February 25, 2021, Plaintiff Nell Hatfield ("Plaintiff") filed a Complaint ("Complaint") against ELC Beauty, LLC d/b/a Estee Lauder in the Butler Court of Common Pleas, in Butler County, Ohio captioned *Nell Hatfield v. ELC Beauty, LLC d/b/a Estee Lauder*, CV 2021 02 0273 (the "State Action").

2. ELC was served with Plaintiff's Complaint by certified mail on March 18, 2021.

3. ELC has neither served nor filed any answer or responsive pleading to the Complaint nor made any appearance or argument before the Butler County Court of Common

1

Pleas in this matter. Defendant's time to respond to the Summons and Complaint by responsive pleading has not yet expired.

4. As this Notice is filed with this Court within thirty (30) days after Defendant was served with a copy of the Complaint upon which this action is based, and before any proceedings were had thereupon in the state court, this removal is timely pursuant to 28 U.S.C. § 1446(b).

5. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, documents and orders that have been served upon Defendant are attached hereto as Exhibit A.

6. The State Action is removable to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, as there is diversity of citizenship between the Plaintiff and the Defendant and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## CITIZENSHIP OF THE PARTIES

7. Plaintiff is a citizen of the State of Ohio. *See* Complaint, ¶ 1, attached at Exhibit A.

8. ELC is a limited liability company under the laws of the State of Delaware. (Declaration of TJ Crawford, ¶ 2, attached as Exhibit B, hereinafter "Crawford Decl. at __.") Accordingly, it is a citizen of each state of which its members are citizens. *See Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

9. ELC has one member, The Estée Lauder Companies Inc., which is a corporation organized under the laws of the State of Delaware. (Crawford Decl., ¶ 2.) A corporation is a citizen of the state where it is incorporated and where its principal place of business resides. *See* 28 U.S.C. § 1332 (c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has

its principal place of business . . . ."); The principal place of business is where the corporation's officers direct, control, and coordinate the corporation's activities. *The Hertz Corp. v. Friend*, 559 U.S. 77, 92, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). The Estée Lauder Companies Inc.'s officers direct, control, and coordinate the corporation's activities from the headquarters in New York. (Crawford Decl., ¶ 2.)

10. Defendant is therefore a citizen of Delaware and New York and complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

11. The amount in controversy is to be determined based on the Plaintiff's complaint at the time the notice of removal is filed. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 377-78 (6th Cir. 2007). When a plaintiff fails to specifically plead an amount in controversy, a defendant seeking removal must meet a preponderance of the evidence standard and show that it is more likely than not that the amount in controversy exceeds $75,000.00. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (abrogated on other grounds).

12. When determining the amount-in-controversy for purposes of diversity jurisdiction, both punitive damages and attorney's fees, if pled, are also included. *See Williamson*, 481 F.3d at 377-78 (attorney's fees); *Woodmen of the World/Omaha Woodmen Life Ins. Soc'y v. Scarbro*, 129 F. App'x 194, 195-96 (6th Cir. 2005) (attorney's fees and punitive damages).

13. Plaintiff's Complaint seeks compensatory and consequential damages "in an amount in excess of $25,000 per claim." (Compl., "Demand for Relief.") Plaintiff's Complaint purports to bring four claims against Defendant: disability discrimination, failure to accommodate, and age discrimination pursuant to the Ohio Civil Rights Act, Chapter 4112 *et*

*seq.*, and for wrongful termination in violation of public policy in violation of Ohio common law. (Compl.) This alone totals $100,000 and meets the amount-in-controversy.

14. Additionally, Plaintiff also pled for both punitive damages and attorney's fees. (Compl., "Demand for Relief.") Attorney's fees alone for one year of litigation, even assuming no appeal, could easily exceed $75,000. She is also seeking punitive damages "in an amount in excess of $25,000." (*Id.*)

15. Moreover, Plaintiff earned $21.80/hour or approximately $45,344 a year at the time of her termination. (Crawford Decl. at ¶3.) Depending on when this case is scheduled for trial (*e.g.*, if a trial takes place on or after April 2023 (24 months from now)), solely her lost wages, without even considering lost benefits or other compensatory damages, could exceed $75,000.

16. Accordingly, Plaintiff's Complaint seeks substantial damages from Defendant, including a permanent injunction; compensatory damages including physical injury, sickness, lost wages, and emotional distress; punitive damages; and attorney's fees and costs. (Compl., "Demand for Relief.")  Upon considering all of Plaintiff's alleged damages, if she were to be successful at trial, Plaintiff would likely recover in excess of $75,000.00. *See, e.g., Harris v. Burger King Corp.*, No. 3-11-CV-708, 2012 U.S. Dist. LEXIS 45263 (W.D.Ky. March 29, 2012) (amount in controversy requirement fulfilled for purposes of diversity jurisdiction, despite the fact that the plaintiff's back pay damages were negligible, where the plaintiff also requested other types of damages, including emotional distress damages, punitive damages, and attorneys' fees).

17. While Defendant specifically denies the Plaintiff's claims and entitlement to any of the remedies demanded, based on the face of the Complaint, it is evident that Plaintiff's claim for damages exceed $75,000 exclusive of interest.

## REMOVAL

18. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

19. The Butler Court of Common Pleas is located within this District. Venue is thus appropriate in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).[1]

20. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

21. Contemporaneously with this filing, Defendant also files a Notice of Filing Notice of Removal with the Butler Court of Common Pleas, as required by 28 U.S.C. §1446(d). A true and accurate copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit C. Promptly upon this filing, Defendant is giving written notice of the removal of this action to Plaintiff by serving her as further required by 28 U.S.C. § 1446(d).

22. There are no other defendants named in this action.

WHEREFORE, Defendant respectfully requests that this action be removed from the Butler Court of Common Pleas to the United States District Court for the Southern District of Ohio, Western Division at Cincinnati.

Dated: April 13, 2021   Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Caroline M. DiMauro*
Caroline M. DiMauro (Ohio Bar No. 0071045)
Morgan A. Davenport (Ohio Bar No. 0099177)

---

[1] Upon review of the Complaint, it appears that Plaintiff filed the Complaint in an improper venue and that state venue is actually proper in the Warren Court of Common Pleas, Ohio. In removing this action, Defendant reserves the right to challenge venue at the state court level if this matter is remanded. However, for the purposes of removal, venue would be appropriate in this Court either way because both the Butler Court of Common Pleas and Warren Court of Common Pleas are located within the Southern District of Ohio, Western Division at Cincinnati.

JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. 5th Street
Cincinnati, Ohio 45202
(513) 898-0050 (Telephone)
(513) 898-0051 (Fax)
Caroline.DiMauro@jacksonlewis.com
Morgan.Davenport@jacksonlewis.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of April, 2021, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system that served notice on all users registered for electronic notice. I further certify that I forwarded a copy of the foregoing to the following via electronic mail:

    Evan R. McFarland
    Matthew Bruce
    The Spitz Law Firm
    Spectrum Office Tower
    11260 Chester Road, Suite 825
    Cincinnati, Ohio 45246
    Matthew.Bruce@spitzlawfirm.com
    Evan.McFarland@spitzlawfirm.com

                                          */s/ Caroline M. DiMauro*
                                          Caroline M. DiMauro

4835-9606-2436, v. 1